IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| MALIBU MEDIA, LLC. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOHN DOE subscriber assigned IP address )<br>71.194.0.253 )<br>)<br>Defendant. ) | Case No.: 2:13-cv-00055-JVB-APR |

**MOTION TO
DISMISS FOR FAILURE TO STATE A CLAIM
AND TO QUASH SUBPOENA**

Defendant Doe hereby moves to dismiss the Complaint for failure to state a claim, and, to quash the subpoena served on Comcast by Plaintiff.[1]

This case should be dismissed because the complaint fails to state a claim. Although the Complaint purports to contain a claim of "copyright infringement," careful scrutiny reveals that it does not actually allege any "copying" *by Defendant*. Moreover it does not even allege any copying *of the movies* that Defendant claims to own.

The Complaint fails to state a claim for at least three reasons.

Taking the allegations of the Complaint as true, the *only* "copying" alleged in the Complaint was committed not by Defendant, but by "IPP Limited:"

> 18. IPP Limited downloaded from Defendant one or more bits of each of the digital movie files identified by the file hashes on Exhibit A.

(Doc. 1)

---

[1] This court has entered an order allow Defendant Doe to proceed anonymously. (Doc. 8).

1

The first reason the Complaint fails to state a claim is that it admits that "IPP Limited" is "Plaintiff's investigator." (¶ 17). Thus, the "downloading" (or, in theory, "copying") was done *not by Defendant, but by Plaintiff, through it's investigator, IPP Limited*.

Second, the Complaint does not allege that a *complete* copy of anything was downloaded, only "*one or more bits* of each of the digital movie files identified by the file hashes on Exhibit A." (¶ 18).  Alleging that "one or more bits" were copied does not equate to copying *the work Plaintiff claims to own*.  The "one or more bits" is merely an "unusable chunk of zeroes and ones." As noted by Judge Wright in his thoughtful opinion awarding sanctions in a virtually identical BitTorrent case:

> "What is more, downloading data via the Bittorrent protocol is not like stealing candy. Stealing a piece of a chocolate bar, however small, is still theft; but copying an encrypted, unusable piece of a video file via the Bittorrent protocol may not be copyright infringement. In the former case, some chocolate was taken; in the latter case, *an encrypted, unusable chunk of zeroes and ones.* And as part of its prima facie copyright claim, Plaintiff must show that Defendants copied the copyrighted work. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). If a download was not completed, Plaintiff's lawsuit may be deemed frivolous."
>
> *Ingenuity 13, LLC v. John Doe*, Order To Show Cause Re Sanctions, 2:12-cv-8333-ODW, CD of CA, February 7, 2013 (Exhibit 2)

The third reason the Complaint fails to state a claim is because what is alleged to have been copied is *not* the *movies* on the Complaint's Exhibit B that Plaintiff claims to own, but the *hash files* listed on the Complaint's Exhibit A.  These "hash files" are alleged to "*correlate[] to* copyrighted movies owned by Plaintiff as identified on Exhibit B," but do not comprise the movie files themselves.  However, Plaintiff's does not claim any copyrights in the hash files – only the movie files themselves.  Thus, alleged copying of uncopyrighted files on Exhibit A does not constitute an allegation that any of the actual movies on Exhibit B have been copied.

In the end, although the complaint calls Defendant an "infringer," it does not actually allege *any* copying of *anything by Defendant*. The only thing alleged to have been copied are "one or more bits" of "hash files." That alleged copying was incomplete, and did not result in a copy of any movie copyrighted by Plaintiff. Moreover, in any event, the copying was done by Plaintiff's investigator, not Defendant. The only facts alleged are that Defendant had an Internet account, that some computer associated with that Internet account held some uncopyrighted "hash files", and that Plaintiff's investigator copied "one or more bits" of one of those hash files. These allegations do not plausibly allege copyright infringement by Defendant, so the Complaint should be dismissed for failure to state a claim.

Because the Complaint fails to state a claim, the court should also quash the subpoena issued to Comcast in this case. (Exhibit 3).

While not determinative of this motion, Defendant also invites the Court to follow the lead of the Judge Crocker in Malibu Media v. John Doe Order, (May 28, 2013, 3:13-cv-205-SLC, WD WI) and: (a) stay this and all other Malibu Media / Patrick Collins cases in this District; and (b) *sua sponte* order Malibu Media and its attorney to show cause why their cookie-cutter BitTorrent complaints do not violate Rule 11(b). (See, Exhibit 4). For the court's convenience, a list of these 39 cases is attached as Exhibit 5.

In case the court is not aware, the undersigned further directs the court's attention to the opinion attached as Exhibit 1, which characterizes these BitTorrent cases as follows:

> "Plaintiffs have outmaneuvered the legal system. They've discovered the nexus of antiquated copyright laws, paralyzing social stigma, and unaffordable defense costs. And they exploit this anomaly by accusing individuals of illegally downloading a single pornographic video. Then they offer to settle—for a sum calculated to be just below the cost of a bare-bones defense. For these individuals, resistance is futile; most reluctantly pay rather than have their names associated with illegally downloading porn. So now, copyright laws originally

3

designed to compensate starving artists allow, starving attorneys in this electronic-media era to plunder the citizenry.

Plaintiffs do have a right to assert their intellectual-property rights, so long as they do it right. But Plaintiffs' filing of cases using the same boilerplate complaint against dozens of defendants raised the Court's alert. It was when the Court realized Plaintiffs engaged their cloak of shell companies and fraud that the Court went to battlestations."

*Ingenuity 13, LLC v. John Doe*, Order Issuing Sanctions, 2:12-cv-8333-ODW, CD of CA, May 6, 2013 (Judge Wright)).  (Exhibit 1).

Respectfully submitted,


By:   s/Paul B. Overhauser
Paul B. Overhauser
**OVERHAUSER LAW OFFICES LLC**
740 W. Green Meadows Dr., Suite 300
Greenfield, IN  46140-4019
Phone: 317-891-1500
Fax: 866-283-8549
*Attorneys for Defendant Sivakumar Thirugnana*

**EXHIBITS**

| | |
|---|---|
| 1 | *Ingenuity 13, LLC v. John Doe*, Order Issuing Sanctions, 2:12-cv-8333-ODW, CD of CA, May 6, 2013 (Judge Wright)) |
| 2 | *Ingenuity 13, LLC v. John Doe*, Order To Show Cause, 2:12-cv-8333-ODW, CD of CA, Feb. 7, 2013 (Judge Wright)) |
| 3 | Subpoena to Comcast |
| 4 | Order, Malibu Media v. John Doe Order, (May 28, 2013, 3:13-cv-205-SLC, WD WI) |
| 5 | Indiana BitTorrent Suits Filed By Paul Nicoletti |

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing is being filed electronically, and notice hereof will automatically be sent to all counsel of record that participate in electronic filing, by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.



By:   s/Paul B. Overhauser
Paul B. Overhauser


4

case 2:13-cv-00055-JVB-JEM   document 13   filed 06/14/13   page 5 of 5

5