IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| MALIBU MEDIA, LLC. ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:13-cv-00055-JVB-APR |
| ) | |
| v. ) | |
| ) | |
| JOHN DOE subscriber assigned IP address ) | |
| 71.194.0.253 ) | |
| ) | |
| Defendant. ) | |

### REPLY IN SUPPORT OF MOTION TO
### QUASH SUBPOENA (DOC. 15)

Defendant Doe hereby replies to Plaintiff's Opposition to Motion to Quash Subpoena.[1]

Doe's motion notes that careful scrutiny of the Complaint reveals that it does not actually allege any "copying" *by Defendant*. Moreover it does not even allege any copying *of the movies* that Defendant claims to own. Therefore, the Complaint fails to state a claim, and because it is pointless to pursue discovery if no valid claim is being asserted, the subpoena should be quashed.

A.  **The Court's Prior Statement About A "Prima Facie Claim" Is Not Controlling.**

Malibu first argues the court has already stated that the "Plaintiff has made a prima facie claim of copyright infringement." However, this statement was included in an order granting an *ex parte* motion for leave to serve third party subpoena, and did not involve careful scrutiny of the complaint. As Defendant did not have an opportunity to contest that motion, the court's statement is not binding.

---

[1] Doe originally filed a combined motion to dismiss for failure to state a claim and motion to quash subpoena (Doc. 13). The clerk requested that these be filed as separate motions, so the motion to dismiss was re-filed as Doc. 14, and the motion to quash as Doc. 15. Plaintiff's Opposition is directed toward the original motion Doc. 13. To ensure the court's ECF system notes this reply for all motions, substantially identical versions are being filed in response to all three of Doe's motions, 13, 14 and 15.

1

B.     **Repeating The Complaint's Defective Allegations Does Not Cure Them.**

Defendant's motion points out that, upon scrutiny, the compliant does not actually allege any copying *by Defendant*, nor of any *movie copyrighted by Malibu*. Instead the only alleged "copying" was done by Plaintiff's "investigator," and it was of a "hash file," not a movie.

Malibu counters by regurgitating the allegations of the complaint, and alleging that the critical allegation of copying appears at "Complaint at ¶¶ 17-18." These supposedly key allegations of copying are:

> 17.    Plaintiff's investigator, IPP Limited, established a direct TCP/IP connection with the Defendant's IP address as set forth on Exhibit A.
>
> 18.    IPP Limited downloaded from Defendant one or more bits of each of the digital movie files identified by the file hashes on Exhibit A.

This first allegation is that "Plaintiff's investigator . . . established a direct TCP/IP connection". This is not an allegation of "copying" *by Defendant*. The next allegation is that "IPP Limited downloaded . . . one or more bits". This too is not an allegation of copying *by Defendant*, nor is it even an allegation of copying a *complete copyrighted* movie by anyone.

Malibu argues that other parts of the complaint that describe the BitTorrent file protocol (¶¶ 13 and 16) make up for the shortcomings with its pleadings. However, paragraphs 13 and 16 do not allege any specific action of copying *by the Defendant*. Describing how the BitTorrent protocol works is like explaining how a copying machine works – it may provide some technical insight, but it is not a substitute for an allegation that *some specific person* made a copy of something.

C.     **Malibu's References To Other Complaints Are Irrelevant and Non-Responsive.**

Next, page 5 of Malibu's Opposition references some sort of ruling from another case, in which the court said, "it is alleged that the Defendant may have transmitted the entirety of the

2

protected work." However, that other case is irrelevant; not only did it involve a different Plaintiff, but Malibu does not attach a copy of the compliant from that other case. Thus, it provides no guidance on whether Malibu's complaint *in this case* states a claim.

Malibu goes on to argue that the complaint make reference to "fifty-nine (59) of Plaintiff's copyrighted works." However, this allegation is irrelevant in view of the fact that the complaint does not allege that *Defendant copied* any of these works.

### D. The Arguments In Malibu's Brief Do Not Make Up For It's Failure to Sufficiently Plead Copying.

At pages 6-7 of its Opposition, Malibu again resumes an irrelevant discussion of the BitTorrent protocol and then concludes that Defendant "distribute[d] those copyright movies listed on Exhibit B." If Malibu and its counsel genuinely assert this, they should have made this allegation in the Complaint, thus subjecting themselves to the scrutiny of Rule 11. But they did not, and they cannot have it both ways.

### E. Decisions Of Other Courts Are Irrelevant.

On page 7 of its Opposition, Malibu cites several cases where courts have apparently held that the complaints withstood a motion to dismiss. However, Malibu neither submitted copies of the complaints from those cases nor did it attempt to show that the allegations in those complaints were identical to the allegations in the present complaint. Thus, those other cases provide no guidance for whether the Malibu's complaint *in this case*, states a claim.

### F. Defendant Did Not "Misrepresent The Facts."

Malibu alleges that Defendant "misrepresented the facts" in stating that Judge Crocker ordered "Malibu Media and its attorney to show cause why their cookie-cutter BitTorrent complaints do not violate Rule 11(b)." Defendant will respond by quoting Judge Crocker's Order:

3

> "If this is true–and right now it is the court's operating hypothesis–then plaintiff probably has violated F.R. Civ. Pro. 11(b)(1). . . So, we are going to freeze all of these cases until plaintiff has explained to the court's satisfaction, pursuant to Rule 11(c)(3), what justifies attaching Exhibit C to each of these lawsuits and why attaching Exhibit C to each complaint does not violate Rule 11(b)."

(Doc. 13-4, p. 4).

Defendant has not misrepresented Judge Crocker's Ruling.

### G. The Outcome of the Pennsylvania Case Is Irrelevant To Whether Malibu's Present Complaint States A Claim.

Page 8 of Malibu's Opposition states that it "won the first ever copyright infringement BitTorrent lawsuit to reach trial earlier this month." This is an overstatement. Malibu reached settlements with all but one of the co-defendants in this case and then put on its evidence of "damages" with respect to one co-defendant, Bryan White. Mr. White did not appear at the trial, so the only evidence heard at the trial was that from Malibu. Malibu proffered evidence that Mr. White had committed perjury, and no one was present to proffer any contrary evidence. The court awarded damages of $750 per movie and over $100,000 in sanctions. Malibu's claim to have "won" this "trial" mischaracterizes the proceeding as having been contested. More relevantly, the outcome of that proceeding is irrelevant to whether Malibu's *present* Complaint states a claim.

Respectfully submitted,

By: s/John M. Bradshaw
John M. Bradshaw
**OVERHAUSER LAW OFFICES LLC**
740 W. Green Meadows Dr., Suite 300
Greenfield, IN  46140-4019
Phone: 317-891-1500
Fax: 866-283-8549

4

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing is being filed electronically, and notice hereof will automatically be sent to all counsel of record that participate in electronic filing, by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

      By:   s/John M. Bradshaw
            John M. Bradshaw