UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC,       )<br>       Plaintiff,                          )<br>                                              )<br>v.                                           )<br>                                              )<br>JOHN DOE, *subscriber assigned IP*  )<br>*address 71.194.0.253*,                )<br>       Defendant.                        ) | CAUSE NO. 2:13-CV-55-JVB-JEM |

**FINDINGS, REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE PURSUANT TO
28 U.S.C. § 636(b)(1)(B) & (C)**

This matter is before the Court on a Motion to Dismiss for Failure to State a Claim [DE 14], and a Motion to Quash Subpoena [DE 15], both filed by Defendant on June 17, 2013. On June 28, 2013, Plaintiff filed a response, and on July 8, 2013, Defendant filed replies.

On July 8, 2013, District Judge Joseph S. Van Bokkelen entered an Order [DE 21], referring the instant Motion to Dismiss for Failure to State a Claim to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). This Report constitutes the undersigned Magistrate Judge's combined proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C) on the Motion to Dismiss. The Motion to Quash is not subject to the Order of Referral.

For the following reasons, the Court denies the Motion to Quash Subpoena and recommends that Judge Van Bokkelen deny Defendant's Motion to Dismiss for Failure to State a Claim.

**PROCEDURAL BACKGROUND**

Plaintiff, Malibu Media, LLC, filed its Complaint on February 5, 2013. It alleges that it owns the copyright on fifty-nine adult films at issue in this case and that Defendant infringed on its

copyrights by using BitTorrent software to copy and distribute constituent elements of those films. On May 9, 2013, the Court issued an Order granting Plaintiff's request to serve a subpoena on Defendant's Internet Service Provider before discovery opens in order to ascertain Defendant's identity. At the same time, the Court issued a Protective Order that, among other things, allows Defendant to proceed anonymously and prohibits Plaintiff from communicating with Defendant without the Court's consent.

## STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570); *see also Alexander v. United States*, No. 12-2190, ___ F.3d ___, 2013 WL 3215667, at *2 (7th Cir. June 26, 2013). In other words, "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotation marks and brackets omitted); *see also Iqbal*, 556 U.S. at 678-79; *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). However, "the plausibility requirement demands only that a plaintiff provide sufficient detail 'to

present a story that holds together.'" *Alexander*, 2013 WL 3215667, at *2 (quoting *Swanson*, 614 F.3d at 404). Determining whether a complaint states a plausible claim for relief requires the Court to draw on its judicial experience and common sense. *Iqbal*, 556 U.S. at 679.

**I.      Motion to Dismiss**

Defendant first moves that the Complaint be dismissed for failure to state a claim, arguing that the Complaint does not actually allege any copying by Defendant of any film copyrighted by Plaintiff.

A.      The Complaint

The Complaint first provides technical information on how BitTorrent functions to give context to the rest of the allegations. It explains that BitTorrent operates by allowing individuals to share files from their own home computers instead of relying on a central server to host the files. Compl. ¶ 11. Because downloading an entire large file from a single source computer would be burdensome on that computer, BitTorrent breaks each file into more manageably-sized pieces, called "bits," and allows the downloader to receive the various bits from different sources. Compl. ¶ 12. Once all the bits have been downloaded, BitTorrent reassembles them back into a single large, viewable file. Compl. ¶ 13. It then calculates what is known as a "file hash" value for the reassembled file and compares it to the known file hash value of the original, complete file to verify that the download was complete and uncorrupted in the download process. Compl. ¶ 16. A file's hash value, a string of numbers and letters returned by a standard algorithm into which the file is input, also acts as a unique identifier as only an exact copy of any given file will ever return the same string of numbers and letters. Compl. ¶ 16.

Plaintiff then describes the investigation through which it allegedly found its copyrighted

works, or at least parts of them, available for download at the IP address belonging to Defendant. Plaintiff states that its investigator established a direct connection with the computer assigned an IP address of 71.194.0.253 fifty-nine times between January 20, 2012, and December 30, 2012. Compl. ¶ 17, Exh. A. From that address, the investigator allegedly downloaded "one or more bits" of each of the files listed with its unique file hash value in Exhibit A. Compl. ¶ 18. Plaintiff states that the file hash values listed in Exhibit A "correlate to" the copyrighted films at issue. Compl. ¶ 19.

Plaintiff then states that it is the owner of the copyrights of the films at issue in this case and that it did not authorize Defendant to distribute them. Compl. ¶ 29, 31. It concludes that "[b]y using BitTorrent, Defendant copied and distributed the constituent elements of each of the original works covered by" its copyrights. Compl. ¶ 18. Therefore, Plaintiff alleges, Defendant violated Plaintiff's exclusive right to reproduce, redistribute, perform, and display the copyrighted works. Compl. ¶ 32 (citing 17 U.S.C. §§ 106(1), (3), (4), (5)).

B.   Analysis

Defendant argues that the Complaint should be dismissed because it fails to state a claim for copyright infringement. Plaintiff disagrees.

The Copyright Act creates a cause of action for infringement and defines an infringer as "[a]nyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122." 17 U.S.C. § 501(a), (b). Section 106 of the Copyright Act gives the owner of a copyright exclusive rights to, among other things, make copies of its copyrighted work and distribute them to the public or authorize others to do so. 17 U.S.C. § 106(1), (3). Thus, to make a claim for copyright infringement, Plaintiff must allege two elements: (1) that it is the owner of a copyright and (2) that Defendant has violated one of its exclusive rights in its copyrighted works.

*See JCW Invs., Inc. v. Novelty, Inc.*, 482 F.3d 910, 914 (7th Cir.2007) (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).  Plaintiff's Complaint alleges that Plaintiff is the registered owner of the copyrights to fifty-nine films at issue in this lawsuit.  Compl. ¶ 2, 29.  At issue then is whether Plaintiff's Complaint contains sufficient facts, if accepted as true, to establish a plausible claim that Defendant violated any of the rights reserved exclusively to Plaintiff.  *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).

Defendant argues that there are three deficiencies in Plaintiff's Complaint which prevent it from asserting a plausible claim of copyright infringement.  First, Defendant asserts that the only "copying" alleged in the complaint was done by Plaintiff's investigator, not Defendant.  Second, Defendant states that the Complaint makes no allegation that a complete copy of any film was downloaded, only "one or more bits" of them.  Finally, Defendant argues that the Complaint alleges only that "hash files," not files containing the copyrighted films at issue, were copied.  The Court will address each of these arguments in turn.

    1.    *Copying*

Defendant first argues that Plaintiff's Complaint fails to state a claim because the only "copying" the facts alleged support was done by Plaintiff's investigator, not Defendant.  Copyright infringement is not, however, limited to the act of making of a copy.  "An individual 'copies' another's work for purposes of copyright law if he plays it publicly or distributes copies without the copyright owner's authorization." *Janky v. Lake Cnty. Convention & Visitors Bureau,* 576 F.3d 356, 361 (7th Cir. 2009) (citing *Twentieth Century Music Corp. v. Aiken*, 422 U.S. 151, 157 (1975)). Copyright infringement encompasses violations of any of the exclusive rights reserved to the copyright owner, including reproduction, distribution, performance, and display.  17 U.S.C.

§§ 501(a), 106(1), (3), (5) & (6). The Complaint alleges violations of each of those rights in conclusory terms. Standing alone, this "formulaic recitation of the elements of a cause of action" might fall short of providing grounds for relief. *See Twombly*, 550 U.S. at 555. However, the facts alleged—that Plaintiff's investigator connected to Defendant's computer and was able to download bits of Plaintiff's copyrighted films from it—if taken as true, support at least a plausible claim that Defendant distributed the copyrighted works. Therefore, the first of Defendant's arguments that Plaintiff has not stated a plausible claim for relief fails.

    2.    *One or More Bits*

Next, Defendant argues that Plaintiff's Complaint fails because it alleges only that "one or more bits" of the files that make up the films at issue were downloaded from Defendant. He states that individual bits are unusable until recombined with the remaining bits, implying that any Complaint that alleges that anything less than all the bits were downloaded from a single defendant would be insufficient to support a copyright infringement claim. However, copying even small portions of a copyrighted work can constitute infringement. *See, e.g., Harper & Row Publishers, Inc. v. Nation Enter.*, 471 U.S. 539 (1985) (holding use of approximately 300 words out of 200,000 in original work to be infringing). That the individual bits were unuseable by themselves is not necessarily fatal to Plaintiff's claim since Plaintiff alleges that those bits became useable, by virtue of BitTorrent's functionality, once the remaining bits were downloaded. Defendant would not be relieved of liability for any bits he did distribute just because remaining bits may have been downloaded from someone other than Defendant. To hold otherwise would allow BitTorrent users a giant loophole through which to escape liability for copyright infringement. Therefore, Plaintiff's failure to allege that entire films were downloaded from Defendant does not undermine the

sufficiency of Plaintiff's claims.

       3.    *Hash Files*

Finally, Defendant argues that the Complaint is insufficient because it alleges only that non-copyrighted "hash files" that "correlated to" but do not contain Plaintiff's copyrighted works were downloaded from Defendant. Mot. at [DE 14]. This argument fails to consider the quoted paragraphs in the full context of the Complaint. The paragraphs containing this language about "file hash" values (not "hash files" as Defendant writes) that "correlate to" Plaintiff's films serve only to describe how Plaintiff's investigator determined that the files reassembled from bits downloaded from Defendant contained Plaintiff's films. Plaintiff concludes the description of the investigation by alleging directly that "[b]y using BitTorrent, Defendant copied and distributed the constituent elements of each of the original works covered by [Plaintiff's copyrights]." Compl. ¶ 30. The facts alleged in earlier paragraphs do not negate this later unequivocal allegation nor make it less plausible. Therefore, Defendant's argument that Plaintiff never actually alleges files containing Plaintiff's copyrighted works were downloaded from Defendant is unavailing.

Because Defendant's Motion to Dismiss for Failure to State a Claim fails to establish any deficiencies in the Complaint, the Court recommends that the Motion be denied.

**II.**    **Motion to Quash**

Defendant also asks that the subpoena served on Defendant's Internet Service Provider be quashed, arguing that it would be pointless to pursue discovery because Plaintiff has not asserted a valid claim. Because this Court has held that a valid claim has been asserted and because Defendant offers no other argument in support of his motion, the Court denies Defendant's Motion to Quash.

Defendant's motion also urges this Court to stay this entire case and to order Plaintiff and its attorney to show cause why it should not be sanctioned under Rule 11(b), which allows for sanctions for "presenting to the court a pleading . . . for any improper purpose, such as to harass." Fed. R. Civ. P. 11(b)(1). Defendant has made no formal motion for sanctions against Plaintiff, but merely "invites" the Court to act on its own.

In requesting that the Court consider sanctions under Rule 11, Defendant directs the Court's attention to Exhibit C attached to the Complaint. Exhibit C is a list of additional media files Plaintiff alleges its investigator found available for download from Defendant's IP address. Compl. ¶ 23. Plaintiff states that none of the files listed contain Plaintiff's copyrighted works and that the exhibit is included for "evidentiary purposes only." Compl. ¶ 23. Defendant presents little argument for why Exhibit C is improperly presented to the Court, instead relying on an attached order from Judge Stephen L. Crocker from the Western District of Wisconsin to make his argument for him. Mot. at [DE 14-4]. *See also Order, Malibu Media v. John Doe*, 3:13-cv-205 (W.D. Wisc. May 28, 2013).

Judge Crocker's court is just one of many currently handling copyright infringement lawsuits brought by Malibu Media throughout the federal judicial system. Just as in this case, the typical complaint alleges that one or more bits of one or more of Plaintiff's copyrighted films were downloaded from a defendant or defendants identified only by their IP addresses. Also as in this case, the complaint is then followed by a motion to serve a subpoena on the ISP serving each IP address in order to identify the person associated with the address. Judge Crocker's order applies to eleven different cases brought by Malibu Media in the Western District of Wisconsin in 2013. In the Northern District of Indiana, Plaintiff has filed thirty-six different lawsuits since July 2012, thirty-four of which have nearly identical Complaints, all with an attached Exhibit C. The language

8

Judge Crocker quotes from the complaints before him—about Exhibit C containing the results of "enhanced surveillance" and being "provided for evidentiary purposes only"—is identical to the language contained in the Complaint in this case.  *See* Mot. at [DE 14-4], Compl. ¶ 23.

Judge Crocker stayed all the copyright cases brought by Malibu Media pending in his Court and ordered Plaintiff to show cause for why attaching lists of additional media files, which contained "titles exponentially more lewd than any title claimed by [Malibu Media]," did not violate Rule 11(b).  Mot. at [DE 14-4].  Judge Crocker explained that he acted out of concern that Exhibit C was attached for no apparent purpose other than "to increase the pressure on a subsequently identified Doe defendant to settle before s/he is publicly linked to hardcore/deviant titles that are completely irrelevant to plaintiff's actual claims in the lawsuit." *Id.* at 4.  The show cause proceedings before Judge Crocker are still pending, and none of the related briefing has been presented to this Court.

In response to Defendant's suggestion that this Court follow Judge Crocker's lead, Plaintiff lists several purposes for which Malibu Media "habitually" uses this exhibit in its litigation, including "determining the identity of the infringer" and "proving that Plaintiff's claims are plausible."  Pl. Resp. 8.  Although Plaintiff provides little explanation for *how* the exhibit serves these purposes, it offers to more fully brief the issue if requested.  The actions of the Western District of Wisconsin court are not binding on this Court.  In addition, this Court does not have before it any of the exhibits or the arguments upon which Judge Crocker based his order, and Defendant provides little argument of his own. Unlike Judge Crocker's examples, the names of files in Exhibit C in this case appear no more lewd or embarrassing than those of Plaintiff's copyrighted works.  Plaintiff's attorney in this case is different from the attorney before Judge Crocker, and there may be other factors which differentiate this case from the cases before Judge Crocker.

9

While it is unclear from the face of the Complaint what "evidentiary purposes" Exhibit C serves or why Plaintiff feels it appropriate to present "evidence" at the pleading stage, Exhibit C is not so obviously irrelevant that this Court is prepared to assume Exhibit C was attached for the sole purpose of harassing Defendant or to *sua sponte* order Plaintiff to show cause for why it should not be sanctioned under Rule 11(b). Should Defendant wish to present arguments of his own for why the attachment of Exhibit C was improper, he is welcome to make a formal motion for sanctions under Rule 11 or a motion to strike the exhibit so that the issue can be properly developed before this Court based on the facts and circumstances particular to this case.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** the Motion to Quash Subpoena [DE 15] and **RECOMMENDS that the District Court DENY** Defendant's Motion to Dismiss for Failure to State a Claim [DE 14].

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

So **ORDERED** this 16th day of August, 2013.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:     All counsel of record